# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 25, 2001

## STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES v. ANGELA KNOWLES HUFFMAN

**Appeal from the Juvenile Court for Sullivan County**
**No. J22,417      James H. Beeler, Special Judge**

**FILED SEPTEMBER 18, 2001**

**No. E2000-03176-COA-R3-CV**

Angela Knowles Huffman appeals a judgment of the Juvenile Court for Sullivan County which terminated her parental rights as to her son, L.T.H. and her daughter, R.E.T. She contends on appeal that the evidence sought to justify termination does not meet the clear and convincing test. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Juvenile Court affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and Charles D. Susano, Jr., JJ., joined.

Jonathan M. Holcomb, Rogersville, Tennessee, for the Appellant, Angela Knowles Huffman

Paul G. Summers, Attorney General and Reporter, and Elizabeth C. Driver, Assistant Attorney General, Nashville, Tennessee, for the Appellee, State of Tennessee, Department of Children's Services

## OPINION

Angela Knowles Huffman, an inmate in the Penal System of this State, appeals a judgment of the Juvenile Court for Sullivan County, entered on November 4, 2000, which terminated her parental rights as to her son, L.T.H. (D.O.B. 9/17/96) and her daughter, R.E.T. (D.O.B. 12/8/97).

Her single issue on appeal contends that the proof justifying termination does not meet the statutory standards which requires "clear and convincing evidence."

In non-jury cases our review is de novo upon the record of the proceedings below. That record, however, comes to us with the presumption that the trial court's findings of facts–which in this case, as already noted, must be by clear and convincing evidence–is correct. Tenn.R.App.P.

13(d).  We must honor the presumption unless we find that the evidence preponderates against the trial court's factual finding as to the clear and convincing standard.  The Trial Court's conclusion of law, however, are not accorded the same deference, <u>Campbell v. Florida Steel Corp.</u>, 919 S.W.2d 26, 35 (Tenn. 1996).

By order entered on June 10, 1998, the Juvenile Court placed the custody of the two children with the State because of the severe physical abuse inflicted upon the son by the daughter's  father, who was Ms. Huffman's live-in boyfriend.  This occurred when Ms. Huffman was absent from the residence.  However, notwithstanding her absence she was subsequently convicted of permitting child abuse and given a penitentiary sentence from which she sought and received probation.

Her parole was later revoked when she failed a drug screening and, as already noted, is now incarcerated.

The Trial Court found–and we concur in his finding–a number of statutory grounds for termination–one of which we concede may be questionable[1]–which, beyond peradventure, meet the clear and convincing test.  They are:

> That the petition filed by the State of Tennessee, Department of Children's Services, is well taken and should be sustained and relief granted thereunder for the causes as stated therein in that under the provisions of *T.C.A. § 36-1-113 (g)(3)(A),* that on the basis of clear and convincing evidence that termination is in the children's best interest in that the children have been removed from the home of the parent or guardian by order of a Court for a period of six (6) months and: *(i)* The conditions which led to the children's removal or other conditions which in all reasonable probability would cause the children to be subjected to further abuse or neglect and which, therefore, prevent the children's safe return to the care of the parent(s) or guardian(s) still persist; *(ii)* There is little likelihood that these conditions will be remedied at an early date so that the children can be safely returned to the parent or guardian in the near future; and *(iii)* The continuation of the parent or guardian and child relationship greatly diminishes the children's chances of early integration into a safe, stable and permanent home.  That pursuant to *T.C.A. § 36-1-113(g)(2)*, there has been substantial noncompliance by the Respondent, Angela Huffman, with the statement of responsibilities in the Plan of Care pursuant to *T.C.A. § 37-2-403.*  That pursuant to *T.C.A. § 36-1-113(g)(4)*, the parent or guardian has been found to have committed severe child abuse as defined in *T.C.A. § 37-1-102*, under any prior order of a court or is found

---

[1] We doubt the Trial Court's finding of a ground for termination in Ms. Huffman's alleged "substantial noncompliance by the Respondent, Angela Huffman, with the statement of responsibilities in the Plan of Care."  She testified that during the period between her conviction and the revocation of her probation, she had completed 99 percent of her parenting plan.  Since we find clear and convincing evidence of other grounds for termination, our doubt with respect to one ground is not material to our judgment in this case.

by the court hearing the petition to terminate parental rights or the petition for adoption, to have committed severe child abuse against the child who is the subject of the petition or against any sibling or half-sibling of such child, or any other child residing temporarily or permanently in the home of such parent or guardian. That pursuant to *T.C.A. § 36-1-113(g)(5)*, the parent or guardian has been sentenced to more than two (2) years imprisonment for conduct against the child who is the subject of the petition or for conduct against any sibling or half-sibling of the child or any other child residing temporarily or permanently in the home of such parent or guardian, which has been found under any prior order of a court or which is found by the court hearing the petition to be severe child abuse, as defined in *T.C.A. § 37-1-102(b)(19)*.

Ms. Huffman argues, however, that even if the grounds for termination exists, the proof does not show by clear and convincing evidence that it is in the best interest of the children that her parental rights be terminated. We disagree.

The children were removed from the home on February 12, 1998, and their temporary custody placed with the Department of Children's Services. At that time the son was 17 months old and the daughter two months old. They were placed in a foster home and have been with the same foster parents–who have expressed a desire to adopt them–since the removal. Given the fact that it is highly unlikely either child remembers the mother (almost certainly not the daughter), Ms. Huffman has conceded that the children have bonded with their foster parents, and Ms. Huffman's history of not protecting the son, we find that the proof is clear and convincing that termination of the Mother's parental rights is in the children's best interest.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary. Costs of appeal are adjudged against Angela Knowles Huffman.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE